UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL GORTON,

                                   Plaintiff,                 DECISION AND ORDER

-vs-

                                                               6:18-CV-6565 (CJS)

COMMISSIONER OF SOCIAL SECURITY,

                                  Defendant.
_____

INTRODUCTION

      Plaintiff Michael Gorton brings this action pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI"). Plaintiff claims to be disabled, primarily due to a mental disorder stemming from two traumatic brain injuries ("TBI"). Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Mar. 12, 2019, ECF No. 12; Mar. 20, 2019, ECF No. 20. For the reasons set forth below, Plaintiff's motion is granted, the Commissioner's motion is denied, and the matter is remanded for a consideration of Dr. Brownfield's opinion and so that the ALJ can reweigh the evidence, if appropriate.

PROCEDURAL HISTORY

      On March 2, 2015, Plaintiff protectively filed his DIB and SSI applications, respectively. Plaintiff claimed a disability due to a mental disorder caused by two TBIs. Transcript ("Tr.") 237–244, Jan. 11, 2019, ECF No. 11. Plaintiff's claim was denied initially on July 1, 2015, after which he requested a hearing by an administrative law judge. Tr. 104–127.

Plaintiff's hearing was held via video on October 3, 2016. Tr. 14. Administrative Law Judge Roxanne Fuller (the "ALJ") presided over the hearing from Falls Church, Virginia. Plaintiff appeared and testified from Rochester, New York. Tr. 14. Plaintiff was represented by Andrew Spink, an attorney. At the hearing, Mr. Spink requested that Plaintiff's previous disability claim, filed on March 24, 2014, be re-opened under 20 CFR § 404.988. Tr. 43. The ALJ granted Plaintiff's request to reopen the 2014 claim. Tr. 38.

In her decision on April 10, 2017, the ALJ found that Plaintiff was not disabled. Tr. 25. On June 8, 2018, the Social Security Administration's Appeals Council denied Plaintiff's request for further review of the ALJ's decision. Tr. 1–7. The ALJ's decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

STANDARD OF REVIEW

42 U.S.C. § 405(g) states that a finding by the Commissioner is "conclusive" if it is supported by substantial evidence. However, before deciding whether the Commissioner's determination is supported by substantial evidence, the Court must first determine "whether the Commissioner applied the correct legal standard." *Jackson v. Barnhart*, No. 06-CV-0213, 2008 WL 1848624, at *6 (W.D.N.Y. Apr. 23, 2008) (quoting *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999)). "Failure to apply the correct legal standards is grounds for reversal." *Id.* (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984)).

DISCUSSION

The law defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security

Administration has outlined a "five-step, sequential evaluation process" to determine whether a claimant of DIB or SSI is disabled:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing *Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir. 2008); 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v)). The claimant bears the burden of proving that he or she has a disability at steps one through four. *Id*. The burden shifts to the Commissioner at step five to show that there is work in the national economy that claimant can perform. *Id*.

In her decision in the instant case, the ALJ followed this five-step sequential evaluation process and found that Plaintiff was not disabled. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 2011. Tr. 16. At step two, the ALJ found that Plaintiff has the following severe impairments: cerebral trauma, hypertension, heart disease, affective disorder, and substance abuse disorder. Tr. 16. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment in 20 CFR § 404, Subpt. B, App. I. Tr. 17. *See also* 20 C.F.R. § 416.925 (noting the § 404, Subpt. B listings are used to find whether claimants are disabled or still disabled for SSI benefits, as well). At step four, the ALJ found that Plaintiff has the residual functional capacity to perform light work. Tr. 21. Lastly, at step five, the ALJ found that there are jobs that exist in significant numbers in the

national economy that the Plaintiff can perform, specifically, a cleaner, a mail clerk, or a cafeteria attendant. Tr. 24.

In seeking to have the decision of the Commissioner reversed, Plaintiff claims that the ALJ's determination that Plaintiff is not disabled is both based upon error of law and not supported by substantial evidence in the record. With respect to error of law, Plaintiff argues the ALJ erred in her evaluation of the evidence by failing (1) to address the opinion of consultative examiner Dr. Adam Brownfield, (2) to give sufficient weight to the opinions of Plaintiff's primary caregivers, and (3) to properly evaluate Plaintiff's own testimony and other evidence of his daily activities. In addition, Plaintiff argues the ALJ's decision should be vacated because the ALJ was not properly appointed under the Appointments Clause of the Constitution.

Because the Court agrees with Plaintiff that the ALJ erred as a matter of law by failing to address the opinion of Dr. Brownfield, we need not reach the other issues presented in Plaintiff's argument.

<u>The ALJ's Finding at Step Three of the Five-Step, Sequential Evaluation Process</u>

At step three of the Social Security Administration's five-step, sequential evaluation process, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment in 20 CFR § 404, Subpt. P, App. I. Tr. 17.

Listing 12.02 for neurocognitive disorders is a subset of Listing 12.00 for mental disorders. Listing 12.02 consists of three paragraphs, designated A, B, and C. A claimant's disorder must satisfy the requirements of both paragraphs A and B, or the requirements of both paragraphs A and C in order to meet the criteria for that impairment. 20 C.F.R. § 404,

Subpt. P, App. 1, 12.00. Paragraph B of Listing 12.02 reads as follows:

> Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
>
> 1. Understand, remember, or apply information (see 12.00E1).
>
> 2. Interact with others (see 12.00E2).
>
> 3. Concentrate, persist, or maintain pace (see 12.00E3).
>
> 4. Adapt or manage oneself (see 12.00E4).

*Id.* at 12.02, ¶ B. Plaintiff claims that the totality of the evidence favors a finding that he is disabled, and identifies three elements of the record, in particular, that demonstrate the ALJ should have found he meets the criteria in Paragraph B for Listing 12.02.

First, Plaintiff points to a three-page Mental Impairment Questionnaire ("M.I.Q.") completed by Plaintiff's primary care physician, Dr. Dean Romanick, in 2016. Tr. 1230. On the M.I.Q., Dr. Romanick indicated that Plaintiff has suffered significant mental impairment for five years, that Plaintiff is not capable of managing benefits in his or her best interest, and exhibits "marked" to "extreme" limitations in a multitude of abilities related to "Understanding & Memory," "Sustained Concentration & Persistence," and "Social Interaction." Tr. 1231–1233.

In addition, Plaintiff points to two documents entitled "Medical Examination for Employability Assessment," one completed by Dr. Romanick in March 2014 and the other by Nurse Practitioner Julia Miller in August 2014. Tr. 771–772, 776–777. Nurse Practitioner Miller appears to work with Dr. Romanick at the Genesee Valley Medical Center, which is Plaintiff's primary care provider. Both of the assessments indicate that Plaintiff's TBIs left Plaintiff either "Moderately Limited" or "Very Limited" in several areas of "Mental Functioning." Tr. 772, 777.

In her decision, the ALJ considered much of the evidence that pointed toward a finding that Plaintiff was disabled, including that Dr. Romanick had assessed Plaintiff as "having marked to extreme limitations in all areas of [mental] functioning." Tr. 17. However, the ALJ noted several other elements of the record that she found to outweigh Dr. Romanick's evidence and opinion.

Starting with a consultative psychological examination that occurred shortly after Plaintiff's first TBI in November 2011, the ALJ provided a reasonably exhaustive recital of nearly four years of Plaintiff's medical evaluation and treatment:

> In December 2011, the claimant visited Kavitha Finnity, Ph.D., for a consultative psychological examination. Dr. Finnity observed the claimant to have adequate speech and language skills, cooperative and friendly demeanor, and was relaxed. Additionally, the claimant recalled and understood instructions, demonstrated good attention and concentration, and did not have emotional distress. At that time, the claimant also reported independently dressing, bathing, and grooming himself; performing household chores; managing his finances; and that he socialized with friends. In June 2012, Dr. Romanick noted the claimant's irritability, memory, concentration, and attention improved . . .
>
> The claimant experienced a second TBI in June 2013 . . . In the interim between TBI, the claimant's record did not contain significant treatment notes reflecting his cognitive functioning . . .
>
> Following [the second TBI] the claimant's discharge, his record contained only sporadic treatment, primarily with Dr. Romanick, and did not demonstrate marked limitations. In July 2013, the claimant visited Dr. Romanick, but did not express cognitive problems; rather, he only alleged physical pain. He did not received [sic] treatment of record again until March 2014 . . . Dr. Romanick referred the claimant to Irene Richard, M.D., for neurological consultation . . . The claimant demonstrated most deficits in recall and attention, prompting Dr. Richard to recommend full neuropsychological testing, which the claimant's record did not include . . .
>
> [A] December 2014 evaluation [by the Council on Alcohol and Substance Abuse of Livingston County (CASA)] noted the claimant took a little longer to understand material presented, but did not indicate inability to understand material. No memory testing was performed, but the claimant was notably cooperative with normal speech . . .

6

> In May 2015, the claimant visited Yu-Ying Lin, Ph.D., for a consultative psychological examination . . . Dr. Lin noted the claimant . . . had some difficulty concentrating during conversations, but adequately performed testing, including simple counting, calculations, and serial three testing. The claimant had moderately impaired memory, as he recalled three objects immediately and one after delay, and recalled four digits forward and three backward. Overall, Dr. Lin assessed the claimant's cognitive functioning to be average . .

Tr. 18–19 (citations to the record omitted).

The ALJ concluded, "the claimant's record did not support marked limitations in any area of functioning. While his record supported somewhat diminished cognitive functioning, it also indicated the claimant maintained independent living and activities of daily living . . . good socialization . . . activities such as fixing snowmobiles and cars, and scrapping, and his formal testing revealed only mild to moderate deficits." Tr. 19. Therefore, the ALJ found that Plaintiff did not satisfy the criteria for a neurocognitive disorder in Listing 12.02. *Id.* The ALJ did not mention Dr. Brownfield's consultative examination in her decision.

<u>Dr. Brownfield's Consultative Examination</u>

As part of the 2014 disability claim that was re-opened by the ALJ at Plaintiff's October 2016 hearing, Plaintiff received a consultative psychiatric evaluation from Adam Brownfield, Ph.D. Tr. 425–429. In his report, Dr. Brownfield noted that Plaintiff "has concentration difficulty, forgets to do tasks easily, and has difficulty following instructions." Tr. 426. He also noted that Plaintiff's memory skills are "Impaired, due to cognitive deficits secondary to TBI," and that his "intellectual functioning is estimated to be below average." Tr. 427.

Dr. Brownfield's report states that "there is no evidence of limitation in following and understanding simple directions and instructions, performing simple tasks independently, maintaining attention and concentration, making appropriate decisions, or relating adequately with others." Tr. 428. However, it also states that Plaintiff "is moderately to markedly limited

7

in maintaining a regular schedule, learning new tasks, and performing complex tasks independently and requires supervision." *Id.* Dr. Brownfield concludes that the "results of the evaluation appear to be consistent with cognitive problems, and this may significantly interfere with the claimant's ability to function on a daily basis." *Id.*

<u>The ALJ's Duty to Adequately Explain Reasoning</u>

Plaintiff argues that the ALJ's failure to discuss Dr. Brownfield's opinion is an error of law, and that this error is not harmless because Dr. Brownfield's conclusion was consistent with the opinion of Plaintiff's primary care physician, Dr. Romanick, on factors material to the ALJ's findings with respect to whether or not Plaintiff satisfies the criteria for a neurological disorder. The Court agrees.

"[A]n ALJ is not required to explicitly . . . reconcile every conflicting shred of medical testimony . . ." *Dean v. Comm'r of Soc. Sec.*, No. 18-CV-6323 HBS, 2019 WL 3450971, at *3 (W.D.N.Y. July 31, 2019). Indeed, the Second Circuit has consistently held that "failure to cite specific evidence does not indicate that such evidence was not considered." *Banyai v. Berryhill*, 767 F. App'x 176, 177 (2d Cir. 2019), as amended (Apr. 30, 2019).

Nevertheless, administrative law judges are required to evaluate every medical opinion they receive, and among their legal obligations is "the duty to adequately explain [their] reasoning in making the findings on which [their] ultimate decision rests." *Klemens v. Berryhill*, 703 F. App'x 35, 36 (2d Cir. 2017); 20 C.F.R. § 404.1527(c). Hence, "courts in this Circuit have long held that an ALJ's 'failure to acknowledge relevant evidence or to explain its implicit rejection is plain error.'" *Calzada v. Astrue*, 753 F. Supp. 2d 250, 269–70 (S.D.N.Y. 2010) (quoting *Kuleszo v. Barnhart*, 232 F.Supp.2d 44, 57 (W.D.N.Y.2002)).

With respect to the instant case, the Court finds that Dr. Brownfield's consultative examination in May 2014 was "relevant evidence" to the ALJ's finding that Plaintiff did not satisfy the criteria for neurocognitive disorders in Listing 12.02. Those criteria include extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; (4) adapt or manage oneself. 20 C.F.R. § 404, Subpt. P, App. 1, 12.02. Dr. Brownfield's report indicates moderate to marked limitations in at least two of these areas. Hence, the ALJ had the obligation to acknowledge the evidence or to explain its implicit rejection. Failure to do so was legal error. *Kuleszo*, 232 F.Supp.2d at 57.

The Court notes that it is not the district court's task to reweigh the evidence, and this decision does not speak to whether or not Dr. Brownfield's opinion is decisive with respect to whether or not Plaintiff is disabled. *See Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016). However, without written consideration of Dr. Brownfield's opinion, this Court cannot be satisfied that Plaintiff has had a full hearing under the regulations. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). The ALJ's decision is therefore reversed, and the case is remanded for a consideration of Dr. Brownfield's opinion and so that the ALJ can reweigh the evidence, if appropriate.

As noted above, Plaintiff also contends the ALJ failed to properly evaluate the opinions of Plaintiff's primary caregivers and Plaintiff's own testimony, and that the ALJ's finding that Plaintiff is not disabled is not supported by substantial evidence on the record as a whole. In addition, Plaintiff argues that the ALJ was not properly appointed under the Appointments Clause of the Constitution. Because these issues may be affected by the Commissioner's

treatment of this case on remand, this Court does not reach them. *Ward v. Comm'r of Social Sec.*, 17-CV-1008, 2019 WL 2106507 at *4 (W.D.N.Y. May 14, 2019) (quoting *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 1990)).

CONCLUSION

For the reasons discussed above, it is hereby ordered that Plaintiff's motion for judgment on the pleadings (ECF No. 12) is granted, and Commissioner's motion (ECF No. 20) is denied. And it is further ordered that the matter is remanded pursuant to 42 U.S.C. § 405(g), sentence four for a consideration of Dr. Brownfield's opinion and so that the ALJ can reweigh the evidence, if appropriate.

So Ordered.

DATED:   December 11, 2019
         Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge